No. 14,566.

McLINDEN v. THE PEOPLE.
(96 P. [2d] 10)

Decided September 25, 1939.  Rehearing denied November 20, 1939.

Mr. HARRY G. SAUNDERS, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. HENRY E. LUTZ, Assistant, for the people.

*In Department.*

Mr. Justice Otto Bock delivered the opinion of the court.

Plaintiff in error, to whom we hereinafter refer as defendant, was charged with, and convicted of, grand larceny. He brings the case here seeking a reversal of the judgment. A number of errors are assigned, but they may conveniently be comprehended in two grounds: First, failure of the court to direct a verdict of not guilty, on motion of defendant at the close of the people's case and at the conclusion of all of the evidence, which motion was based on the ground that the evidence was insufficient to sustain a verdict of guilty; second, that the court committed error in failing to grant defendant's motion for a new trial, after having indicated a certain weakness in the evidence. No error is predicated upon instructions or rulings upon the evidence.

Briefly stated, the facts are as follows: Defendant is a broker, engaged in selling business chances. September 24, 1937, he entered into a transaction with the prosecuting witness, Elliott, involving the purchase of a tavern, the price thereof being $4,000, upon which Elliott paid to defendant the sum of $1,500 and agreed to execute a chattel mortgage on the equipment in the establishment to secure payment of the balance, which mortgage, however, never was negotiated. Elliott took and retained possession of the property eleven days, when, as he testified, he was forcibly evicted by defendant. This eviction the defendant denied.

The evidence concerning the detailed terms of the purchase, such as the payment of past-due bills, liquor license fees, etc., is in conflict. On the eleventh day of Elliott's possession defendant appeared at the tavern in the afternoon, at which time a controversy arose between them over the possession of a fifty-dollar bill clearly belonging to Elliott, which defendant at first refused to return and subsequently tore up, and a physical

encounter thereupon ensued between the two. There is evidence to the effect that about two hours later, defendant reappeared at the tavern with two men and evicted Elliott. Defendant asserted that Elliott left voluntarily, although he also testified that upon his return he took possession under a chattel mortgage. At the time of the eviction there was merchandise in the tavern of the value of approximately $100, and about $75 in cash in the cash register. Following the eviction defendant counted the silver money, which amounted to fifteen dollars, in the presence of two witnesses. The sum of at least $60 in paper money was in the register, and the evidence shows that defendant took possession of this paper money, whatever the amount was. No return ever was made by him of the money and merchandise. At the trial his excuse for taking the money was that as custodian he was responsible for its safekeeping. There was some testimony as to merchandise being taken from the premises by persons under the control of defendant shortly after Elliott's eviction. What the value of this merchandise was does not clearly appear and the evidence concerning it is in conflict.

█ Defendant's assertion of insufficiency of the evidence is predicated upon the theory that there was no felonious intent shown. The evidence on that point is in dispute, but there are elements in connection with the circumstances under which the money was taken from the till, from which the jury was warranted in finding felonious intent.

There was no error in the court's denial of the motions for a directed verdict. The defense was that defendant acted in good faith, the contention being that he believed that he had a legal right to the possession of the property taken. The jury evidently did not believe the evidence presented by defendant in support of these contentions, and it was fully and fairly instructed by the court on that phase of the case. There is no evidence in the record from which it would appear that

defendant claimed this property as his own, particularly the money taken from the till.

At the conclusion of the people's case, on motion of defendant for a directed verdict, the court expressed some doubt concerning the value of the property involved, as to whether or not it was over $20, but denied the motion. A reading of the record convinces us that there was no substantial basis for such doubt. In its ruling upon defendant's motion for a new trial there was some discussion as to the duty of the court in the event of a difference of opinion concerning the verdict, and it gave expression to the proposition that primarily the question of veracity was one for the jury and not the court. While we have held that trial courts possess certain discretionary powers to set aside verdicts and grant new trials, we never have gone so far as to say that they may act as a thirteenth juror. Finally, after discussing all of these phases, the court, in denying the motion for a new trial, concluded that the evidence on the question of the amount of money involved in this larceny was very clear, and that it was sufficient to sustain the conviction. A perusal of the record convinces us that these conclusions were correct, and that defendant received a fair and impartial trial.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE FRANCIS E. BOUCK concur.